## F. T. Crutchfield, Ex'r, *v.* A. Spray et al.

**Vendor and Purchaser—Sale and Conveyance by Equitable Owner.**

An equitable owner of land has the right to sell and convey it, where it is not in the possession of another.

**Vendor and Purchaser—Purchase at Execution Sale—Title of Purchaser.**

Where at the time of the sale and purchase under execution, the grantees of an equitable owner of the land were in possession and the deed of the conveyance by the equitable owner was registered, the purchaser at execution sale obtained nothing more than he would have acquired by purchase from the former equitable owner.

APPEAL FROM DAVIESS CIRCUIT COURT.

April 1, 1874.

Opinion by Judge Lindsay:

Although Spray did not hold the legal title to the realty now claimed by Tatman & Co. and Dowdle, yet, as the equitable owner, he had the right to sell and convey it. The statute authorizes the owner to convey any interest in lands not in the adverse possession of another. Sec. 2, Chap. 24, Rev. Stat. So soon as the deeds to Tatman & Co. and Dowdle were acknowledged and lodged for record in the proper office, they were notice to all the world of the claims of the appellees. Sec. 9, ib.

The sheriff and the plaintiffs, in executions issued on judgments against the grantor, Spray, were as much bound to take notice of these conveyances as any one else. It results, therefore, that Crutchfield acquired no greater right under his execution purchase than he would have acquired under a purchase from Spray by private contract. Besides this, it may fairly be inferred from the petition that the vendees were in actual possession at the time of the levy and sale. This of itself was notice to Crutchfield. It does not avail appellant that the debt for which the land was sold was secured by a vendor's lien on said lands; the ancestor did not attempt to enforce his lien. He was content with a judgment at law, sued out his execution, and attempted through the instrumentality of that court to make his debt. The legal rights he thus secured are subordinate to those of appellees, and he can receive no assistance at the hands of the chancellor so long as the execution sale remains in force.

The court below properly held that it had no power to set aside the execution sale. The execution issued from the Henderson Circuit Court was not void; neither it, nor any regular proceeding had under it, can be disregarded or annulled by the Daviess Circuit Court.

The facts stated in the petition do not authorize the Daviess Circuit Court to grant appellees any character of relief. The judgment of said court sustaining the demurrer and dismissing the petition is therefore affirmed.

*Sweeney & Stuart, for appellant.*

*L. P. Little, for appellees.*